UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ERNEST DEWEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:16-CV-395

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was forty years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.26, 52.) He has a high school education and previously worked as a snow remover, car detailer, and automobile porter. (PageID.55, 73.) Plaintiff applied for benefits on September 27, 2013, alleging that he had been disabled since September 20, 2013, due to a bad back, ADHD, anxiety, and depression. (PageID.107, 169–175.) Plaintiff's application was denied on November 5, 2013, and Plaintiff subsequently requested a hearing before an ALJ. (PageID.120–123,

126–127.) On October 9, 2014, Plaintiff appeared with his counsel before ALJ Paul W. Jones for an administrative hearing at which time Plaintiff, his wife, and a vocational expert (VE) all testified. (PageID.44–105.) In a written decision dated November 14, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.26–42.) Thereafter, on February 22, 2016, the Appeals Council declined to review the ALJ's decision. (PageID.16–21.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Jones determined Plaintiff's claim failed at step four. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 20, 2013, the alleged disability onset date. (PageID.31.) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) Attention Deficit Disorder (ADD); and (3) a generalized anxiety disorder. (PageID.31–32.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.32–33.) At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments to perform:

> medium work as defined in 20 CFR 404.1567(c). He can lift up to 50 pounds occasionally, and lift/carry up to 25 pounds frequently; only occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop; and frequently balance, kneel, crouch, and crawl. He is limited to simple, routine, repetitive tasks with only occasional changes in the work setting.

(PageID.33.) Continuing with the fourth step, the ALJ posed the above RFC in a hypothetical question to the VE.[2] In response to the ALJ's questioning, the VE testified that Plaintiff was capable of returning to his past relevant work. (PageID.81.) Relying on this testimony, the ALJ concluded

---

[2] Although not required, it is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See, e.g.*, *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

that Plaintiff's claim failed at step four, as his past relevant work did not require the performance of work-related activities precluded by his RFC. (PageID.37.) Having made his determination at step four, the ALJ was not required to proceed to step five, however, the ALJ also included an alternative step five finding that Plaintiff was able to perform work in other jobs that exist in significant numbers in the national economy. Again relying on VE testimony, the ALJ found Plaintiff was able to perform work as a dishwasher (80,000 positions), inspector (100,000 positions), and machine operator (60,000 positions). (PageID.38, 82.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.38.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from September 20, 2013, through November 14, 2014, the date of decision. (PageID.38–39.)

## DISCUSSION

**1.    The ALJ's Decision is Not Internally Inconsistent.**

Plaintiff first contends that the ALJ erred because although he determined at step three that Plaintiff had "moderate" limitations in maintaining concentration, persistence or pace, the ALJ did not include these limitations in Plaintiff's RFC. (PageID.333–335.) RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Plaintiff is correct in pointing out that the ALJ found he had moderate limitations in concentration, persistence, and pace at step three. However, Plaintiff fails to recognize that the ALJ's assessment of disorders at steps two and three:

> are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments.

SSR 96–8p, 1996 WL 374184, at *4 (July 2, 1996); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.A. ("RFC is a multidimensional description of the work-related abilities you retain in spite of your medical impairments. An assessment of your RFC complements the functional evaluation necessary for paragraphs B and C of the listings by requiring consideration of an expanded list of work-related capacities that may be affected by mental disorders when your impairment(s) is severe but neither meets nor is equivalent in severity to a listed mental disorder").

The court discussed a similar issue in *Pinkard v. Commissioner of Social Security Administration*, No. 1:13–cv–1339, 2014 WL 3389206 (N.D. Ohio July 9, 2014). That case explained the difference between the findings made at step three to determine whether a claimant met the requirements of a particular listed impairment and the RFC determination made at step four as follows:

> Next, Plaintiff argues that the ALJ erred in concluding that Plaintiff had moderate difficulties in concentration, persistence, and pace, while failing to include an appropriate limitation for these difficulties in the RFC findings . . . Plaintiff refers to the ALJ's paragraph B findings in his evaluation of Plaintiff's depression under 12.04 of the listing of impairments [ ]. 20 C.F.R. pt. 404, subpt. P, app. 1 Sections 12.04, 12.05, 12.06. However, the ALJ does not have to include

6

>paragraph B finding[s] in his RFC finding. Paragraph B findings under the listings are findings at step three of the sequential evaluation process, and are not RFC findings pertaining to steps four and five of the sequential evaluation process. 20 C.F.R. pt. 404, subpt. P, app. 1, Section 12.00. Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a "moderate limitation in concentration, persistence, and pace" in his residual functional capacity finding at steps four and five.

*Pinkard*, 2014 WL 3389206 at *10. The Court agrees with this analysis and finds the inconsistency alleged by Plaintiff is simply not present here. Accordingly, this claim of error is denied.

### 2. The ALJ's Credibility Analysis is Supported by Substantial Evidence.

At the administrative hearing, Plaintiff testified he was unable to perform the duties of his past work due to both physical and mental issues. (PageID.75.) For example, he testified he was unable to stay focused and could not watch television for any length of time before being distracted by something else. (PageID.85, 90.) He also testified he had back pain going down his leg. (PageID.93.) This pain limited him to being able to walk only a couple of blocks. (PageID.94.) In his decision, the ALJ found Plaintiff's allegations were "not entirely credible." (PageID.34.) Plaintiff claims the ALJ erred in doing so. (PageID.336–345.)

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash*

*v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) ("[i]t [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony")). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit has stated, "[w]e have held

that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff's argument begins by arguing the ALJ's analysis is flawed because the ALJ merely identified a "lack of corroboration" for Plaintiff's allegations rather than a direct "contradiction" thereof. Plaintiff claims such violates the following portion of agency regulations:

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions which you, your treating or nontreating source, or other persons report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in paragraph (c)(4) of this section in reaching a conclusion as to whether you are disabled.

20 C.F.R. § 404.1529(c). As other courts in this district have held, however, Plaintiff's argument is contrary to the controlling authority identified above and "stretches the language of this regulation too far." *Pratt v. Comm'r of Soc. Sec.*, No. 1:10-CV-438, 2012 WL 5844969, at *6 (W.D. Mich. Nov. 19, 2012). Indeed, the regulation's wording "suggest[s] a subtle and complex weighing process, rather than . . . [a] crude dichotomy." *Id.* Therefore, the Court declines to adopt Plaintiff's interpretation of the relevant regulations.

Plaintiff also objects to the following paragraph in the ALJ's decision:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(PageID.34.) As the Sixth Circuit has recognized, however, the "chief concern with the popularity [of this language] is the risk that an ALJ will mistakenly believe it sufficient to *explain* a credibility finding, as opposed to merely introducing or summarizing one." *Cox v. Comm'r of Soc. Sec.*, 615

F. App'x 254, 260 (6th Cir. 2015) (emphasis in original).  Accordingly, the Sixth Circuit has found no violation of Social Security policy when the use of boilerplate credibility language is followed by a "thorough explanation elsewhere of [the ALJ's] reasons for doubting [the claimant's] account." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014).  Here, the ALJ did not solely discount Plaintiff's credibility using the above language.  Moreover, the ALJ's subsequent reasoning is not so vague, as Plaintiff alleges, so as to preclude meaningful review.

Indeed Plaintiff's subjective allegations, to the extent such are inconsistent with his RFC, enjoy little (if any) support in the record.  As the ALJ found, for example, Plaintiff "described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."  (PageID.34.)  In this, the ALJ was not equating Plaintiff's daily activities to an ability to perform full time work, but rather making the accurate observation that Plaintiff's abilities to perform activities such as shovel snow and paint his house were inconsistent with his reports of back pain and difficulty concentrating.  (PageID.262, 303.)  The ALJ also correctly observed that despite Plaintiff's testimony that his work ended because of his inability to focus, there was little evidence in the record supporting this assertion.  Moreover, as the ALJ further noted, Plaintiff received only irregular treatment for his mental impairments.  (PageID.36.)  Furthermore, mental status exams indicated lower anxiety, panic attacks that had mostly resolved, and a "good" ability to focus.  (PageID.296.)  In sum, the ALJ's decision to accord limited weight to Plaintiff's subjective allegations is supported by substantial evidence.

### 3. Plaintiff Has Not Satisfied His Burden For A Sentence Six Remand.

Plaintiff submitted additional records to the Appeals Council that were not considered by the ALJ.  This includes a November 14, 2014, letter from Dr. Stephanie Commings, as well as

an October 23, 2014, RFC mental RFC assessment completed by Dr. Commings. (PageID.316–323.) In his final claim, Plaintiff requests a remand under sentence six. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir.2006).

In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. However, "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir.1992). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the

ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Assuming that this additional evidence qualifies as new, the Court finds that Plaintiff has failed to satisfy his burden of demonstrating good cause and materiality. Plaintiff suggests that he has good cause for failing to present the opinion to the ALJ prior to hearing because "treaters are more willing to fill out [disability] forms if same is delivered personally by the patient." (PageID.348.) He further contends it was not reasonable to obtain an opinion prior to receipt of a notice of hearing, and accordingly the next possible time to obtain an opinion was at Plaintiff's next appointment after the hearing. (PageID.348.) This falls far short of demonstrating good cause. Nothing in Dr. Commings' letter or elsewhere indicates that she would only fill out disability paperwork during a predetermined appointment with Plaintiff. Moreover, Plaintiff's assertion that it was unreasonable to obtain an opinion prior to receipt of a notice of a hearing is illogical. Nothing about the fact that an opinion was obtained prior to a hearing notice would make such an opinion stale. The case Plaintiff relies on is readily distinguished. In that case, Plaintiff proceeded unrepresented and had requested a postponement of the hearing. The hearing, however, went on as scheduled and accordingly it came as a surprise to the plaintiff that the hearing would take place. *Finkbeiner v. Comm'r of Soc. Sec.*, No. 13-13906, 2015 WL 668058, at *9 (E.D. Mich. Feb. 17, 2015). Here there is no such confusion. Moreover, Plaintiff was represented by counsel, who, presumably, would know it was Plaintiff's burden to marshal the evidence supporting his case for disability. Even if this were not true, the ALJ granted Plaintiff's request for an additional two weeks

after the hearing to submit the RFC form, well after Plaintiff's appointment with Dr. Cummings. Plaintiff does not demonstrate why he was unable to timely submit the form.

Even if Plaintiff were somehow able to succeed in demonstrating good cause, Plaintiff has failed to demonstrate the additional evidence is material. The narrative letter is largely cumulative of information already in the record. And the assertion that Plaintiff is precluded from gainful employment would not be entitled to any particular weight as it is an opinion reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010). Similarly, the RFC worksheet would not have helped Plaintiff's cause. It consists of twenty questions in which Dr. Commings' sole obligation was to check a box indicating the severity of Plaintiff's impairment in that category. Dr. Commings indicated Plaintiff was not significantly limited in eight categories, moderately limited in eight others, and markedly limited in four. (PageID.320–321.) The worksheet contained no definitions for what was moderately or markedly limited. Furthermore, no explanation was provided beyond the check box indications. The November 14, 2014, provides little by way of explanation as well.

Plaintiff argues that the worksheet is material both to the ALJ's evaluation of his credibility as well as to the RFC determination. Regarding Plaintiff's credibility, it is true that the ALJ observed there was no opinion from a treating source. (PageID.36.) But this was not the only reason used by the ALJ for discounting Plaintiff's credibility. Indeed as delineated above, the ALJ had ample justification for discounting the severity of Plaintiff's complaints. Substantial evidence therefore would remain to support the ALJ's determination. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). Moreover, the Sixth Circuit has noted that "rudimentary indications that lack an accompanying explanation" meets "the patently deficient standard." *Hernandez v.*

*Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016) (citing *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). The RFC worksheet here is similarly lacking in meaningful explanation and accordingly is deficient. Therefore, Plaintiff cannot demonstrate this evidence is material, and for all the above reasons, has failed to satisfy his burden to demonstrate a sentence six remand is warranted.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is supported by substantial evidence and therefore will be **AFFIRMED.**

A separate judgment shall issue.


Dated:      January 24, 2017              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE